## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005 | ) ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Case No. 25-cv-383 |
| U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530 | ) ) ) ) | |
| *Defendant.* | ) | |

## COMPLAINT

1.    American Oversight brings this action against the U.S. Department of Justice under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA and the release of Volume Two of former Special Counsel Jack Smith's report to DOJ, regarding his investigations into potential mishandling of classified documents.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.    Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.    Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendant from

continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld on an expedited basis.

## PARTIES

5.    Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.    Defendant U.S. Department of Justice ("DOJ") is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Office of Information Policy ("OIP") is a component of DOJ that receives and processes FOIA requests on behalf of itself and several other DOJ components.

7.    DOJ has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

8.    On January 7, 2025, then-Special Counsel Jack Smith delivered to DOJ the two-volume report on his investigations into President Trump's potential interference with the lawful transfer of power following the 2020 election (Volume One) and allegations of mishandling of a trove of classified documents after Trump left office in 2021 (Volume Two).[1]

---

[1] Letter from Jack Smith, Special Couns., Dep't of Justice, to Merrick Garland, Att'y Gen., Dep't of Justice (Jan. 7, 2025) ("Smith Letter to Garland"), https://www.justice.gov/storage/Report-of-Special-Counsel-Smith-Volume-1-January-2025.pdf.

9.      Mr. Smith provided DOJ with a redacted version of Volume Two that identified information which, at that time, might have been restricted from public disclosure by Federal Rule of Criminal Procedure 6(e).[2]

10.     On January 8, 2025, American Oversight submitted a FOIA request to OIP and the Executive Office of U.S. Attorneys ("EOUSA"), bearing internal tracking number DOJ-25-0036, seeking expedited production of both volumes of the Special Counsel's report. *See* attached Exhibit 1.

11.     Because the request sought specific, recent, and readily identifiable documents, American Oversight expected it to be placed on the "Simple" processing track and result in prompt agency response. *See id.*

12.     Due to the urgent need to inform the public regarding actual or alleged government activity, including the investigation into President Trump ahead of his January 20, 2025 inauguration and renewed authority over DOJ, American Oversight requested expedited processing of its request, and included in the request the certifications required by 5 U.S.C. § 552(a)(6)(E)(i)(1) and 28 C.F.R. § 16.5(e)(3). *See id.*

13.     Via a letter from OIP to American Oversight dated January 14, 2025, Defendant notified Plaintiff that EOUSA had forwarded the request to OIP for processing, that OIP had determined the request to EOUSA was duplicative of the request sent to OIP, and that OIP had closed the duplicate request American Oversight had submitted to EOUSA. *See* attached Exhibit 2. OIP assigned the remaining request DOJ tracking number FOIA-2025-01746. *See id.*

---

[2] *See* Smith Letter to Garland, *supra* n.1, at 4.

14.     Defendant's January 14, 2025 letter does not address American Oversight's request for expedited processing, nor does it address the scope of the documents Defendant intends to produce and/or withhold, nor the reasons for such withholdings. *See id.*

15.     To date, American Oversight has received no further communication from DOJ regarding its FOIA request nor its included request for expedited processing.

16.     Last month, DOJ publicly released Volume One of the Special Counsel's report concerning President Trump's alleged election interference (hereinafter, "Volume Two").[3]

17.     Defendant withheld Volume Two from public release pending resolution of the criminal charges against Walt Nauta, an aide to President Trump, and Carlos De Oliveira, property manager of President Trump's Mar-a-Lago estate, concerning their role in Trump's alleged mishandling of the classified documents.[4]

18.     On January 29, 2025, Defendant moved to dismiss the criminal charges against Nauta and Oliveira in the classified documents case.[5]

19.     There is no further legal justification to withhold Volume Two of the report, in full, from the public.

20.     As American Oversight certified in its January 8, 2025 request to DOJ, the requested records are urgently needed to inform the public concerning actual or alleged government activity. *See* Ex. 1.

---

[3] *Read the Special Counsel's Report on the Trump Election Case*, N.Y. TIMES (Jan. 14, 2025), https://www.nytimes.com/interactive/2025/01/14/us/report-of-special-counsel-smith-volume-1-january-2025.html
[4] Greg Allen, *DOJ Asks to Dismiss Case of 2 Men Indicted for Allegedly Helping Trump Hide Documents*, NPR (Jan. 29, 2025, 12:59 PM), https://www.npr.org/2025/01/29/nx-s1-5279387/doj-appeal-trump-walt-nauta-carlos-de-oliveira.
[5] *Id.*

21.    In particular, Volume Two contains information of critical and urgent importance to the public, not only pertaining to President Trump, but to Kash Patel, Trump's nominee for Director of the Federal Bureau of Investigation ("FBI").[6]

22.    Since American Oversight submitted its request, DOJ has received other requests for Volume Two's public release.[7]

23.    Repeated efforts by members of Congress to get DOJ to release Volume Two since American Oversight submitted its expedited request have proven unsuccessful.[8]

24.    On January 15, 2025, House Judiciary Committee members wrote to then-Attorney General Merrick Garland, that Volume Two "presumably not only outlines the evidence supporting the 40 felony counts against Mr. Trump related to willfully hiding and mishandling extremely sensitive national defense information, but also explains *why* President-elect Trump retained and concealed classified documents and *what* he intended to do with those materials, neither of which was included in the indictment. It is essential that the American people and Congress understand how Mr. Trump mishandled our nation's most sensitive classified information, especially because

---

[6] *See* Rebecca Beitsch, *Raskin Demands DOJ Release Smith Mar-a-Lago Report*, THE HILL (Feb. 3, 2025, 4:50 AM) https://thehill.com/homenews/5122053-raskin-demands-doj-release-smith-mar-a-lago-report/;
*see also* Eric Tucker, *AP source: Trump ally appears before Mar-a-Lago grand jury*, ASSOCIATED PRESS (Nov. 4, 2022, 7:17 PM), https://apnews.com/article/donald-trump-mar-a-lago-government-and-politics-8a51290da3e8f59c83edbfc2898f547d; Alex Leary et al., *Ex-White House Aide Kash Patel Presses View Trump Broadly Declassified Documents*, WALL STREET J., Aug. 21, 2022, 8:00 AM), https://www.wsj.com/articles/ex-white-house-aide-kash-patel-presses-view-trump-broadly-declassified-documents-11661083201; *Tierney Sneed, Trump claims he declassified Mar-a-Lago docs, but his lawyers avoid making that assertion*, CNN (Sept. 16, 2022, 8:20 AM), https://www.cnn.com/2022/09/15/politics/trump-mar-a-lago-docs-declassified-claim/index.html.
[7] *See e.g.,* Press Release, *CREW requests full special counsel report and communications* (Jan. 16, 2025) (request submitted Jan. 10, 2025), https://www.citizensforethics.org/reports-investigations/foia-requests/crew-requests-full-special-counsel-report-and-communications/; Press Release, *People for the American Way Foundation Files Urgent FOIA Request for Volume 2 of Smith Report* (Jan. 15, 2025) (request submitted Jan. 15, 2025), https://www.peoplefor.org/people-american-way-foundation-files-urgent-foia-request-volume-2-smith-report;
[8] *See, e.g.,* Beitsch, *supra* n.5; Senate Judiciary Committee, Questions for the Record, the Honorable Pamela Jo Bondi, Nominee to be Attorney General of the United States at 27 (Jan. 15, 2025), https://www.judiciary.senate.gov/imo/media/doc/2025-01-15_-_qfr_responses_-_bondi.pdf; Letter from Ranking Member and others House Judiciary Committee members to James McHenry, Acting Att'y Gen., Dep't of Justice (Feb. 2, 2025), https://democrats-judiciary.house.gov/uploadedfiles/2025-02-02_raskin_goldman_et_al._to_mchenry_doj_re_special_counsel_report.pdf.

he will be sworn in as Commander-in-Chief and take leadership of our national security apparatus in just five days."[9]

25.    Similarly, senators have urged DOJ to release Volume Two because it contains information about Mr. Patel that they need to fulfill their constitutional duty to provide "advice and consent on nominations by the President to positions of great responsibility in the U.S. federal government."[10] See attached Exhibit 3.

26.    Now that the inauguration has passed, and Mr. Patel's confirmation is actively being considered, expedited production of Volume Two is justified not only due to the "urgency to inform the public regarding an actual or alleged Federal Government activity," but also as a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. §§ 16.5(e)(1)(ii) and (iv).

27.    Volume Two is of such urgent importance that the Senate Judiciary Committee delayed its vote on Mr. Patel's confirmation until Thursday, February 13, 2025. *See* Ex. 3 at 2.

28.    As the Senate Committee members' February 6, 2025 letter to Senate Committee Chairman Charles Grassley notes, Mr. Patel's refusal, during his January 30, 2025 confirmation hearing, to answer questions about the classified documents investigation raises "the grave prospect that [he] is misleading members of the Committee by falsely hiding behind a nonexistent or inapplicable seal order."[11]

---

[9] Letter from House Judiciary Committee to Merrick Garland, Att'y Gen., Dep't of Justice (Jan. 15, 2025), https://democrats-judiciary.house.gov/uploadedfiles/2025-01-15_hjc_dems_to_garland_doj.pdf (emphasis in original).
[10] Letter to James McHenry, Acting Atty' Gen., Dep't of Justice (Jan. 29, 2025), https://www.judiciary.senate.gov/imo/media/doc/2025-01-29%20SJC%20Dems%20Letter%20-%20Smith%20Report%20Vol%20II.pdf, attached as Ex. 3.
[11] *See* Letter from Sen. Whitehouse, Sen. Booker, and Sen. Schiff to Sen. Grassley, Chairman, Sen. Jud. Comm. (Feb. 6, 2025), https://www.schiff.senate.gov/wp-content/uploads/2025/02/2025-02-06-Patel-Follow-Up-Letter61.pdf.

29.     As also certified to in its request, and as further described above in Paragraph 5, American Oversight is primarily engaged in disseminating information to the public. *See* Ex. 1. Accordingly, upon receipt of Volume Two, American Oversight will promptly publicize it for consideration by the general public and members of Congress who must vote on Mr. Patel's confirmation to lead the FBI.

30.     Plaintiff's expedited processing request explained how it met the statutory and regulatory standards and included a non-exhaustive list of multiple citations to media reports that support American Oversight's certifications. *See id.*

31.     More than twenty working days have passed since American Oversight submitted its request, and DOJ has failed to comply with 5 U.S.C. § 552(a)(6)(A).

*Exhaustion of Administrative Remedies*

32.     As of the date of this Complaint, Defendant has failed to: (a) notify American Oversight of a final determination regarding American Oversight's proper request for expedited processing of its FOIA request; (b) notify American Oversight of a final determination regarding American Oversight's FOIA request, including the scope of responsive records Defendant intends to produce or withhold and the reasons for any withholdings; and (c) produce the requested records or demonstrate that they are lawfully exempt from production.

33.     Through Defendant's failure to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

34.     Further, Defendant failed to respond to American Oversight's request to expedite processing of its FOIA request within 10 calendar days, and American Oversight is not required to exhaust its administrative remedies with respect to its request to expedite processing.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Grant Expedited Processing

35.    American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

36.    American Oversight properly requested records within Defendant's possession, custody, and control on an expedited basis.

37.    Defendant failed to issue a determination on the request for expedited processing within the timeframe set by statute.

38.    Defendant is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and agency regulations.

39.    American Oversight's request justifies expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e)(3).

40.    American Oversight is entitled to declaratory and injunctive relief requiring Defendant to grant expedited processing of American Oversight's FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

41.    American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

42.    American Oversight properly requested records within Defendant's possession, custody, and control.

43.    Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA request.

44.     Defendant's failure to conduct an adequate search for responsive records violates FOIA and applicable regulations.

45.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly search for and produce records responsive to American Oversight's FOIA request, specifically, Volume Two of the Special Counsel Report.

**COUNT III**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

46.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

47.     American Oversight properly requested records within Defendant's possession, custody, and control.

48.     Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials within no more than twenty (20) working days.

49.     Defendant is wrongfully withholding non-exempt agency records requested by American Oversight.

50.     Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA request.

51.     Defendant's failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

52.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA

request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court:

(1) Order Defendant to process American Oversight's request on an expedited basis;

(2) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to American Oversight's January 8, 2025 FOIA request;

(3) Order Defendant to produce, by 10:00am Eastern on February 21, 2025, or by such a date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA request, specifically, Volume Two of the Special Counsel Report and *Vaughn* indexes of any responsive records withheld under claim of exemption;

(4) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(5) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.

Dated: February 10, 2025                     Respectfully submitted,

                                            */s/ Elizabeth Haddix*
                                            Elizabeth Haddix
                                            D.C. Bar No. 90019750
                                            Daniel Martinez
                                            D.C. Bar No. 90025922
                                            AMERICAN OVERSIGHT

1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
Elizabeth.haddix@americanoversight.org

*Counsel for Plaintiff*