UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>      Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF JUSTICE,<br><br>      Defendant. | Civil Action No. 25-0383 (TJK) |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................. 2

LEGAL STANDARD............................................................................................................ 3

ARGUMENT......................................................................................................................... 3

    I.     Plaintiff's Preliminary Injunction Motion Is Moot. ................................................ 3

    II.    Even if Not Moot, Plaintiff Has Failed to Meet the Test for the Extraordinary Remedy of Preliminary Injunctive Relief. ............................................................. 5

        A.    Plaintiff Has Not Demonstrated Irreparable Harm. ................................... 5

        B.    Plaintiff Is Unlikely to Succeed on the Merits of Its Claim....................... 8

        C.    The Balance of Equities and the Public Interest Favors the Department. .. 9

CONCLUSION.................................................................................................................... 10

## TABLE OF AUTHORITIES

Cases

*Ass'n of Flight Attendants–CWA, AFL–CIO v. Pension Benefit Guar. Corp.*,
    372 F. Supp. 2d 91 (D.D.C. 2005) ............................................................................... 6

*Blackman v. District of Columbia*,
    72 F. Supp. 3d 249 (D.D.C. 2014) ............................................................................... 3

*Blackwell v. FBI*,
    646 F.3d 37 (D.C. Cir. 2011) ..................................................................................... 10

*Chaplaincy of Full Gospel Churches v. England*,
    454 F.3d 290 (D.C. Cir. 2006) ................................................................................. 3, 7

*Children's Health Def. v. Ctrs. for Disease Control & Prev.*,
    Civ. A. No. 23-431 (TNM), 2024 WL 3521593 (D.D.C. July 24) ............................. 9

*Farris v. Rice*,
    453 F. Supp. 2d 76 (D.D.C. 2006) ............................................................................... 6

*GTE Sylvania, Inc., v. Consumers Union*,
    445 U.S. 375 (1980) ...................................................................................... 1, 2, 8, 9

*Henke v. Dep't of Interior*,
    842 F. Supp. 2d 54 (D.D.C. 2012) ............................................................................... 7

*Hunter v. FERC*,
    527 F. Supp. 2d 9 (D.D.C. 2007) ............................................................................. 6, 7

*League of Women Voters of the U.S. v. Newby*,
    838 F.3d 1 (D.C. Cir. 2016) ......................................................................................... 3

*Mdewakanton Sioux Indians of Minn. v. Zinke*,
    255 F. Supp. 3d 48 (D.D.C. 2017) ............................................................................... 5

*Mott Thoroughbred Stables, Inc. v. Rodriguez*,
    87 F. Supp. 3d 237 (D.D.C. 2015) ............................................................................... 6

*Muttitt v. Dep't of State*,
    926 F. Supp. 2d 284 (D.D.C. 2013) ............................................................................. 4

*Nat'l Archives & Records Admin. v. Favish*,
    541 U.S. 157 (2004) .................................................................................................. 10

*Power the Future v. Dep't of State, Civ. A. Nos 24-346*
    Civ. A. Nos. 24-346, (RC), 24-684 (RC), 2025 WL 343174 (D.D.C. Jan. 30, 2025) ......... 4, 5

*Pursuing Am.'s Greatness v. FEC*,
   831 F.3d 500 (D.C. Cir. 2016) ............................................................................................ 3

*Rosenberg v. Dep't of Def.*,
   342 F. Supp. 3d 62 (D.D.C. 2018) ..................................................................................... 3-4

*Sampson v. Murray*,
   415 U.S. 61 (1974) ............................................................................................................ 5

*Sierra Club v. Dep't of Energy*,
   825 F. Supp. 2d 142 (D.D.C. 2011) ................................................................................ 6, 7

*Tax Analysts v. Dep't of Justice*,
   845 F.3d 1060 (D.C. Cir. 1988) ...................................................................................... 8, 9

*United States v. Nauta*,
   --- F. Supp. 3d ---, 2025 WL 252641 (S.D. Fl. Jan. 21, 2025) ................................. 2, 3, 6, 7

*Citizens for Resp. & Ethics in Wash. v. Dep't of Justice*,
   535 F. Supp. 2d 157 (D.D.C. 2008) ................................................................................... 4

*Winter v. Nat. Res. Def. Council*,
   555 U.S. 7 (2008) ........................................................................................................... 3, 5

*Wis. Gas Co. v. FERC*,
   758 F.2d 669 (D.C. Cir. 1985) ........................................................................................ 5, 6

By and through undersigned counsel, Defendant Department of Justice (the "Department") opposes Plaintiff's motion for a preliminary injunction, Pl. Mot. (ECF No. 2), for the following reasons.

## INTRODUCTION

Plaintiff American Oversight seeks a preliminary injunction directing the Department to expeditiously process Plaintiff's Freedom of Information Act ("FOIA") request seeking Special Counsel Jack Smith's investigative report (the "Report"). The preliminary injunction motion is moot. On February 11, 2025, the Department issued its final response, advising Plaintiff that Volume I of the Report was publicly available on the Department's website, and Volume II was being withheld in full because "it is protected from disclosure by a court injunction issued by the United States District Court for the Southern District of Florida, West Palm Beach Division." Declaration of Vanessa Brinkmann ("Brinkmann Decl.") (Ex. 1) at Ex. C (Dep't Final Resp.); *see GTE Sylvania, Inc., v. Consumers Union*, 445 U.S. 375, 384-86 (1980) (finding "no discretion for the agency to exercise" where records are subject to injunction issued by federal district court). Therefore, because the Department has processed Plaintiff's FOIA request, the preliminary injunction motion is moot.

Even if not moot, Plaintiff falls well short of satisfying the preliminary injunction criteria that is needed to obtain this extraordinary relief. Most prominently, Plaintiff cannot show irreparable harm because this Court is unable to alleviate the alleged harm, namely, another district court has an active injunction that enjoins the Department from releasing Volume II. Additionally, Plaintiff cannot show a likelihood of success on the merits because (a) the expedited processing claim has been mooted, and (b) Supreme Court and D.C. Circuit precedent bars the Department from releasing records pursuant to FOIA that are subject of another district court's injunction. For these reasons, the Court should deny Plaintiff's preliminary injunction motion.

## BACKGROUND

On January 8, 2025, Plaintiff submitted a FOIA request to the Department's Office of Information Policy (the "Office" or "OIP") using the Office's FOIAStar processing system. Brinkmann Decl. (Ex. 1) ¶ 5. Plaintiff's FOIA request sought "[a] copy of Jack Smith's two-volume report of his investigations into President Trump's handling of classified documents and potential election interference." *Id.* Plaintiff's request also sought a fee waiver and expedited processing. *Id.* Plaintiff's FOIA request was assigned the tracking number FOIA-2025-01746. *Id.* ¶ 7.

On February 10, 2025, Plaintiff filed suit. *Id.* ¶ 8; Compl. (ECF No. 1). On the same day, Plaintiff also filed a motion for preliminary injunction. *Id.* ¶ 8; Pl. Mot. (ECF No. 2).

By letter dated February 11, 2025, the Office issued a final response to Plaintiff's FOIA request. *Id.* ¶ 9; *id.* at Ex. C (Dep't Final Response). The Office informed Plaintiff that Volume I of the Report is publicly available on the Department's website. *Id.* In addition, the Office's final response included a determination that Volume II of the Report is withheld in full because it is protected from disclosure by a court injunction issued by the United States District Court for the Southern District of Florida, West Palm Beach Division. *Id.*

Specifically, on January 21, 2025, the Honorable Aileen M. Cannon, United States District Court Judge of the Southern District of Florida, West Palm Beach Division, issued an injunction enjoining "Attorney General Garland or his successor(s), the Department of Justice, its officers, agents, officials, and employees, and all persons acting in active concert or participation with such individuals . . . from (a) releasing, sharing, or transmitting Volume II of the Final Report or any drafts of Volume II outside the Department of Justice, or (b) otherwise releasing, distributing, conveying, or sharing with anyone outside the Department of Justice any information or

2

conclusions in Volume II or in drafts thereof." *Id.* ¶ 10; *see United States v. Nauta*, --- F. Supp. 3d ---, 2025 WL 252641, at *6 (S.D. Fl. Jan. 21, 2025). Judge Cannon's Order enjoining the Department from releasing Volume II of the Report remains in force. Brinkmann Decl. (Ex. 1) ¶ 10. Thus, the Office lacks the authority to release the requested Volume II. *Id.*

## LEGAL STANDARD

A preliminary injunction "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). A party seeking preliminary relief must make a "clear showing that four factors, taken together, warrant relief: likely success on the merits, likely irreparable harm in the absence of preliminary relief, a balance of the equities in its favor, and accord with the public interest." *League of Women Voters of the U.S. v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016) (quoting *Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 505 (D.C. Cir. 2016)). The moving party bears the burden of persuasion and must demonstrate "by a clear showing" that the requested relief is warranted. *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006).

## ARGUMENT

**I.  Plaintiff's Preliminary Injunction Motion Is Moot.**

Plaintiff's preliminary injunction motion seeking expedited processing of its FOIA request is moot because the Department has made a complete response to the request.

Where a plaintiff moving for a preliminary injunction has "already received [the] requested relief," the motion is moot. *Blackman v. District of Columbia*, 72 F. Supp. 3d 249, 251 (D.D.C. 2014). In the FOIA context, a claim for expedited processing, like the one here, becomes moot when an agency issues a complete response to the FOIA request. *Rosenberg v. Dep't of Def.*, 342 F. Supp. 3d 62, 76 n.3 (D.D.C. 2018) ("Plaintiffs' claim that [the agency] improperly denied

3

expedited processing of their FOIA request is now moot, as [the agency] completed its processing of Plaintiffs' request"); *Citizens for Resp. & Ethics in Wash. ("CREW") v. Dep't of Just.*, 535 F. Supp. 2d 157, 160 (D.D.C. 2008) ("Because [the agency] has now completed processing [the FOIA] request[,] this claim is moot."). "The only scenario in which a court can properly grant relief to a FOIA requester 'on the merits' of an expedited processing claim is when an agency has not yet provided a final substantive response to the individual's request for records." *Muttitt v. Dep't of State*, 926 F. Supp. 2d 284, 296 (D.D.C. 2013); *see also Power the Future v. Dep't of State*, Civ. A. Nos 24-346 (RC), 24-684 (RC), 2025 WL 343174, at *4 (D.D.C. Jan. 30, 2025) ("An agency has provided a 'complete response to the request' once it has issued a decision and produced all documents as to which no exemption is being claimed," in which case the preliminary injunction motion is moot.).

  Here, Plaintiff seeks injunctive relief ordering the Department to provide it "with a determination on its FOIA request and to process the request and produce non-exempt responsive records[.]" Pl. Mot. (ECF No. 2) at 1. Plaintiff argues that the Department failed "to comply with its obligations to timely make a determination as to the scope of the records it intends to produce or withhold and the reason for any withholdings," and failed to timely notify Plaintiff of its determination regarding its expedited processing request. Pl. Memo. (ECF No. 2-2) at 7.

  The Department has since issued a complete response and thus Plaintiff's preliminary injunction motion seeking processing of its FOIA request is moot. On February 11, 2025, the Department issued its final response as to Plaintiff's FOIA request. Brinkmann Decl. (Ex. 1) ¶ 9; *id.* at Ex. C (Dep't Final Resp.). The Department advised Plaintiff that Volume I of the Report is publicly available on the Department's website. *Id.*; *see* https://www.justice.gov/storage/Report-of-Special-Counsel-Smith-Volume-1-January-2025.pdf (last visited Feb. 14, 2025). The

4

Department withheld in full Volume II because "it is protected from disclosure by a court injunction issued by the United States District Court for the Southern District of Florida, West Palm Beach Division." *Id.* Therefore, the Department "lacks authority to consider the releasability of this information under the FOIA." *Id.* (citing *GTE Sylvania*, 445 U.S. at 384-86 (finding "no discretion for the agency to exercise" where records are subject to injunction issued by federal district court)).

In providing Plaintiff with a complete response, the Department has completed its processing of Plaintiff's FOIA request, and thus, the preliminary injunction motion is moot and should be denied.

## II. Even if Not Moot, Plaintiff Has Failed to Satisfy the Test for the Extraordinary Remedy of Preliminary Injunctive Relief.

### A. Plaintiff Has Not Demonstrated Irreparable Harm.

Plaintiff's preliminary injunction motion is flawed at its inception because the Court cannot alleviate the purported irreparable harm.

"The basis of injunctive relief in the federal courts has always been irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 88 (1974). "Regardless of how the other three factors are analyzed, it is required that the movant demonstrate an irreparable injury." *Mdewakanton Sioux Indians of Minn. v. Zinke*, 255 F. Supp. 3d 48, 51 (D.D.C. 2017). The Supreme Court's "frequently reiterated standard requires Petitioners seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22. The moving party bears the burden of establishing that, absent an injunction, it will suffer an injury that is "both certain and great," and not merely "theoretical." *Wis. Gas Co. v. Fed. Energy Regul. Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985). And where a party "seeks a mandatory injunction—to change the status quo through action rather than merely to preserve the status quo—typically the moving party must

5

meet an even higher standard than in the ordinary case: the movant must show 'clearly' that [it] is entitled to relief or that extreme or very serious damage will result." *Farris v. Rice*, 453 F. Supp. 2d 76, 78 (D.D.C. 2006).

Plaintiff's motion fails at its origin because, to satisfy the irreparable harm prong, Plaintiff must show that "the alleged harm will directly result from the action which the movant seeks to enjoin." *Wis. Gas Co.,* 758 F.2d at 674. In other words, Plaintiff must make a clear showing that the injunction "will alleviate the threat of irreparable harm." *Hunter v. Fed. Energy Regul. Comm'n*, 527 F. Supp. 2d 9, 15 (D.D.C. 2007); *see also Ass'n of Flight Attendants v. Pension Benefit Guar. Corp.,* 372 F. Supp. 2d 91, 101 (D.D.C. 2005) (finding no irreparable injury where it was unclear whether granting an injunction would curtail the alleged injury). "Thus, a preliminary injunction is particularly ill-suited [where] it would not necessarily redress the alleged irreparable harm." *Mott Thoroughbred Stables, Inc. v. Rodriguez*, 87 F. Supp. 3d 237, 247 (D.D.C. 2015); *see also Sierra Club v. Dep't of Energy*, 825 F. Supp. 2d 142, 153 (D.D.C. 2011) ("It would make little sense for a court to conclude that a plaintiff has shown irreparable harm when the relief sought would not actually remedy that harm."). "The inquiry must be whether the plaintiff has shown that the relief sought will actually prevent irreparable harm." *Sierra Club*, 825 F. Supp. 3d at 153.

Here, the relief that Plaintiff seeks will not "actually prevent irreparable harm," *Sierra Club*, 825 F. Supp. 3d at 153, because, as Plaintiff acknowledges in its FOIA request, Judge Cannon has "blocked" the release of Volume II of the Report. Pl. FOIA Req. (ECF No. 1-2) at 1. Judge Cannon, indeed, has enjoined the Department from "releasing, sharing, or transmitting" Volume II of the report to "anyone outside the Department[.]" *Nauta*, 2025 WL 252641, at *6. "This Order remains in effect pending further Court order." *Id.* No later than thirty days after the

6

conclusion of the appellate proceedings, Judge Cannon ordered the parties to submit a joint status report "advising of their position on this [injunction] Order, consistent with any remaining Rule 6(e) challenges or other claims or rights concerning Volume II, as permitted by law." *Id.* Notably, Judge Cannon did not order dissolution of the injunction at the conclusion of the appellate proceedings. *Id.*

On February 11, 2025, the Eleventh Circuit granted the Department's "Unopposed Motion to Dismiss Appeal" and dismissed the appeal. Ex. 2 (Order, *United States v. Donald Trump*, No. 24-12311 (11th Cir. Feb. 11, 2025)). To date, Judge Cannon has not lifted the injunction. Nor have the parties submitted the requested joint status report to advise Judge Cannon as to their position on the injunction in light of the updated posture of the criminal proceedings. Instead of issuing an order triggering dissolution of the injunction following the appeal, Judge Cannon stated, "This Order remains in effect pending further Court order" and invited the parties to submit their positions as to the continued injunction prohibiting the Department from disclosing Volume II. *Nauta*, 2025 WL 252641, at *6. Unless Judge Cannon orders otherwise, the injunction remains in full effect and bars the Department from releasing Volume II.

Plaintiff, thus, cannot make a clear showing that an injunction granted by this Court "will alleviate the threat of irreparable harm." *Hunter*, 527 F. Supp. 2d at 15. The injunctive relief that Plaintiff seeks "would not actually remedy the harm" because Judge Cannon's injunction prohibits the Department from releasing Volume II. *Sierra Club*, 825 F. Supp. 2d at 153. So long as Judge Cannon's injunction is in effect, the Department is bound by that order, and it is beyond this Court's authority to order disclosure and provide Plaintiff the relief it seeks.

For these reasons, Plaintiff cannot make a clear showing of irreparable harm, which in itself is sufficient to deny Plaintiff's motion. *See Chaplaincy of Full Gospel Churches*, 454 F.3d at 297

("A movant's failure to show any irreparable harm is . . . grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief."); *Henke v. Dep't of Interior*, 842 F. Supp. 2d 54, 59 (D.D.C. 2012) ("[I]f a party makes no showing of irreparable injury, the court may deny the motion without considering the other factors.").

  **B.**  **Plaintiff Is Unlikely to Succeed on the Merits of Its Claim.**

Even if the Court goes beyond the dispositive flaw under the irreparable harm prong, Plaintiff will be unable to succeed on the merits of its claim.

Plaintiff argues that it is likely to succeed on the merits because the Department did not timely respond to its FOIA request. Pl. Memo. (ECF No. 2-2) at 6-9. But now, the Department has issued its complete response, and therefore, Plaintiff is unlikely to succeed on the merits because the issue is moot. *Supra* at 3-5.

To the extent Plaintiff argues that it is likely to succeed on the merits of the Department's decision to withhold in full Volume II, that avenue is foreclosed under Supreme Court and D.C. Circuit precedent. In *GTE Sylvania*, 445 U.S. at 386, the Supreme Court held that an agency has not "improperly" withheld documents under the FOIA when the records sought are enjoined from disclosure, regardless of whether the records fall into an enumerated FOIA exemption. The Supreme Court stated:

> The [agency] has not released the documents sought here solely because of the orders issued by the Federal District Court in Delaware. At all times since the filing of the complaint in the instant action the agency has been subject to a temporary restraining order or a preliminary or permanent injunction barring disclosure. There simply has been no discretion for the agency to exercise. The concerns underlying the Freedom of Information Act are inapplicable, for the agency has made no effort to avoid disclosure; indeed, it is not the [agency's] decision to withhold the documents at all.

*Id.* As the D.C. Circuit further explained, "[T]he Supreme Court [in *GTE Sylvania*] unanimously held that agency records are not 'improperly withheld' when a lawful injunction by a federal court

8

prohibits agency compliance with a FOIA request." *Tax Analysts v. Dep't of Just.*, 845 F.3d 1060, 1064 n.7 (D.C. Cir. 1988). "In such cases, the [Supreme] Court said, the agency cannot be compelled through the FOIA to circumvent the normal procedural requirements for challenging a valid injunction." *Id.*

Here, Judge Cannon's injunction order bars disclosure. The Office correctly determined that "Judge Cannon's Order enjoining the Department from releasing Volume II of the Report remains in force." Brinkmann Decl. (Ex. 1) ¶ 10. "Thus, [the Office] lacks the authority to consider the releasability of the requested records." *Id.* The Department, thus, has not "improperly withheld" Volume II. So long as Judge Cannon's injunction is active (and it is),"[t]here simply is no discretion for the [Department] to exercise [as] it is not the [Department's] decision to withhold the documents at all." *GTE Sylvania*, 445 U.S. at 386. The Department "cannot be compelled through the FOIA to circumvent the normal procedural requirements for challenging a valid injunction," *Tax Analysts*, 845 F.3d at 1064 n.7, which is exactly what Plaintiff seeks to do here.

Thus, Plaintiff is unlikely to succeed on the merits because its timeliness claim is moot, and, to the extent it seeks disclosure of Volume II, that claim will unquestionably fail under Supreme Court and D.C. Circuit precedent.

### C. The Balance of Equities and the Public Interest Favors the Department.

Lastly, the third and fourth factors (the balance of equities and the public interest) weigh against granting injunctive relief. The balance of equities favors denial because the preliminary injunction order that Plaintiff requests would "directly 'interfere with another case," which the Court should avoid as a matter of judicial comity. *Children's Health Def. v. Ctrs. for Disease Control & Prev.*, Civ. A. No. 23-431 (TNM), 2024 WL 3521593, at *5 (D.D.C. July 24, 2024) (quoting *Dellinger v. Mitchell*, 442 F.2d 782, 787 (D.C. Cir. 1971) (granting Government's stay

9

in FOIA case because records sought are subject to stays preventing disclosure in other district courts).

As to the public interest, Plaintiff speculates that Volume II "may contain information crucial to inform the public about potential misconduct" by Kash Patel, Pl. Memo. (ECF No. 2-2) at 14, but "bare suspicion" of misconduct is not sufficient to obtain disclosure. *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004); *see also Blackwell v. FBI*, 646 F.3d 37, 41 (D.C. Cir. 2011) (holding that allegations of "suspicious circumstances" that otherwise "lack[] any substantiation" fall short of "meeting the demanding *Favish* standard").

In sum, Plaintiff has failed to make a clear showing that it has satisfied any of the preliminary injunction prongs.

## CONCLUSION

For reasons stated above, the Court should deny Plaintiff's request for preliminary injunction.

Dated: February 16, 2025
       Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:       */s/ M. Jared Littman*
M. JARED LITTMAN
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2523

*Attorneys for the United States of America*