UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>       Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF JUSTICE,<br><br>       Defendant. | Civil Action No. 25-0383 (TJK) |

**DEFENDANT'S MOTION TO DISMISS OR,
ALTERNATIVELY, FOR SUMMARY JUDGMENT AND
<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF</u>**

## TABLE OF CONTENTS

Table of Contents ..................................................................................................................... i

Table of Authorities ................................................................................................................ ii

**INTRODUCTION** .................................................................................................................. 1

Background ............................................................................................................................ 2

    I.    Plaintiff's Allegations .............................................................................. 2

    II.    The Injunction in the Southern District of Florida .................................. 3

    III.    Declaration of Vanessa R. Brinkmann ..................................................... 4

Legal Standards ..................................................................................................................... 5

Argument ............................................................................................................................... 7

Conclusion ............................................................................................................................. 9

## TABLE OF AUTHORITIES

<u>Cases</u>

*Am. Oversight v. Dep't of Justice*,
  Civ. A. No. 25-383 (TJK), 2025 WL 561144 (D.D.C. Feb. 20, 2025) ............................. 2, 3, 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 5, 6

*Competitive Enter. Inst. v. Off. of Sci. & Tech. Pol'y*,
  827 F.3d 145 (D.C. Cir. 2016) ..................................................................................................... 7

*Covad Commc'ns Co. v. Bell Atl. Corp.*,
  407 F.3d 1220 (D.C. Cir. 2005) ................................................................................................... 3

*Flynn v. Tiede-Zoeller, Inc.*,
  412 F. Supp. 2d 46 (D.D.C. 2006) ............................................................................................... 6

*Frontier Found. v. Dep't of Just.*,
  739 F.3d 1 (D.C. Cir. 2014) ......................................................................................................... 6

*GTE Sylvania, Inc., v. Consumers Union*,
  445 U.S. 375 (1980) ......................................................................................................... 1, 7, 8, 9

*Kenny v. Simon, Civ. A. No. 23-772*
  Civ. A. No. 23-772 (BAH), 2023 WL 6960385 (D.D.C. Oct. 20, 2023) ................................... 3

*Kissinger v. Reps. Comm. for Freedom of Press*,
  445 U.S. 136 (1980) ..................................................................................................................... 7

*Lopez Bello v. Smith*,
  651 F. Supp. 3d 20 (D.D.C. 2022) ............................................................................................... 6

*Muttitt v. Dep't of State*,
  926 F. Supp. 2d 284 (D.D.C. 2013) ............................................................................................. 1

*Proctor v. District of Columbia*,
  74 F. Supp. 3d 436 (D.D.C. 2014) ............................................................................................... 6

*Rosenberg v. Dep't of Def.*,
  342 F. Supp. 3d 62 (D.D.C. 2018) ............................................................................................... 1

*Tax Analysts v. Dep't of Justice*,
  845 F.3d 1060 (D.C. Cir. 1988) ................................................................................................... 8

*United States v. Nauta*,
  --- F. Supp. 3d ---, 2025 WL 252641 (S.D. Fl. Jan. 21, 2025) ............................................. 3, 5

*Weisberg v. Dep't of Just.*,
  627 F.2d 365 (D.C. Cir. 1980) ..................................................................................................... 6

Statutes and Rules

5 U.S.C. § 552 ................................................................................................................... 7
Fed. R. Civ. P. 12 ........................................................................................................ passim
Fed. R. Civ. P. 56 .....................................................................................................1, 6, 9

Defendant Department of Justice (the "Department") respectfully moves the Court to dismiss Plaintiff's Complaint (ECF No. 1) under Federal Rule of Civil Procedure ("Rule") 12(b)(6) or, alternatively, for summary judgment under Rule 56.

## INTRODUCTION

This Freedom of Information Act ("FOIA") case concerns Plaintiff's request for former Special Counsel Smith's "two-volume report of his investigations into President Trump's handling of classified documents and potential election interference [(the "Report")]." FOIA Req. (ECF No. 1-2). Plaintiff's Complaint seeks expedited processing (Count I) and production of Volume II (Counts II & III). Compl. (ECF No. 1) at 8-10. The expediting processing claim is moot because the Department "completed its processing of Plaintiff's request." *Rosenberg v. Dep't of Def.*, 342 F. Supp. 3d 62, 76 n.3 (D.D.C. 2018); *see also, e.g.*, *Muttitt v. Dep't of State*, 926 F. Supp. 2d 284, 296 (D.D.C. 2013). On February 11, 2025, the Department issued its final response, advising Plaintiff that Volume I of the Report was publicly available on the Department's website, and Volume II was being withheld in full because of a court injunction issued by the United States District Court for the Southern District of Florida, West Palm Beach Division (the "injunction"). *See* Final Resp. (ECF No. 8-1 at 17-18). Further discussion of the expedited processing claim is not warranted.

The production claims fail under Rule 12(b)(6) because Plaintiff has failed to state a claim for relief that is plausible on its face. The active injunction in the Southern District of Florida precludes the relief sought, i.e., disclosure of Volume II. *See GTE Sylvania, Inc., v. Consumers Union*, 445 U.S. 375, 386 (1980) (finding "no discretion for the agency to exercise" where records sought under the FOIA are subject to injunction issued by federal district court). Indeed, this Court has already held in adjudicating Plaintiff's preliminary injunction motion that "[a]n agency does not improperly withhold a record when a court order bars disclosure, which is precisely what the

injunction here does." *Am. Oversight v. Dep't of Justice*, Civ. A. No. 25-383 (TJK), 2025 WL 561144, at *1 (D.D.C. Feb. 20, 2025). Thus, Plaintiff has failed to state a claim upon which relief can be granted because the Department did not improperly withhold a record, which is the very crux of Plaintiff's FOIA claim. The Court, therefore, should grant the Department's motion to dismiss or, alternatively, grant summary judgment in its favor.

## BACKGROUND

### I.  Plaintiff's Allegations

The Department respectfully refers the Court to its Memorandum Opinion (*Am. Oversight v. Dep't of Justice*, Civ. A. No. 25-383 (TJK), 2025 WL 561144 (D.D.C. Feb. 20, 2025)) for the factual and procedural background in this case. The Department only summarize the most pertinent facts here to provide context for its dispositive motion.

"On January 7, 2025, then-Special Counsel Jack Smith delivered to [the Department a redacted version of] the two-volume report on his investigations into President Trump's potential interference with the lawful transfer of power following the 2020 election (Volume One) and allegations of mishandling of a trove of classified documents after Trump left office in 2021 (Volume Two)." Compl. (ECF No. 1) ¶¶ 8-9. On January 8, 2025, Plaintiff submitted a FOIA request to the Department seeking expedited production of both volumes of the Report. *Id.* ¶ 10. "Last month, [the Department] publicly released Volume One[.]" *Id.* ¶ 16. The Department, however, "withheld Volume Two from public release." *Id.* ¶ 17. As Plaintiff accurately noted in its FOIA request, Honorable Aileen M. Cannon, District Court Judge of the United States District Court for the Southern District of Florida, West Palm Beach Division, "blocked the release" of Volume Two, FOIA Req. (ECF No. 1-2) at 1,[1] but according to Plaintiff, "[t]here is no further

---

[1] In determining whether a complaint fails to state a claim, the court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and

legal justification to withhold Volume Two" because the Department moved to dismiss the criminal charges in the underlying criminal case. Compl. (ECF. No. 1) ¶¶ 18-19.

As of February 10, 2025, when Plaintiff filed its Complaint, Defendant had not issued a substantive response to its FOIA request. *Id.* ¶¶ 13-15. Plaintiff sued the Department seeking expedited processing and production of Volume II. *Id.* at 10 (Requested Relief). Plaintiff also filed a preliminary injunction motion (ECF No. 2), which the Court denied on February 20, 2025, *Am. Oversight*, 2025 WL 561144.

## II.    The Injunction in the Southern District of Florida

In considering a motion to dismiss, the Court may take judicial notice of court dockets, orders, and filings. *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005); *Kenny v. Simon*, Civ. A. No. 23-772 (BAH), 2023 WL 6960385, at *3 (D.D.C. Oct. 20, 2023).

On January 21, 2025, the Honorable Aileen Cannon issued an injunction enjoining "Attorney General Garland or his successor(s), the Department of Justice, its officers, agents, officials, and employees, and all persons acting in active concert or participation with such individuals . . . from (a) releasing, sharing, or transmitting Volume II of the Final Report or any drafts of Volume II outside the Department of Justice, or (b) otherwise releasing, distributing, conveying, or sharing with anyone outside the Department of Justice any information or conclusions in Volume II or in drafts thereof." *United States v. Nauta*, --- F. Supp. 3d ---, 2025 WL 252641, at *6 (S.D. Fl. Jan. 21, 2025). "This Order remains in effect pending further Court order." *Id.* No later than thirty days after the conclusion of the appellate proceedings, Judge Cannon ordered the parties to submit a joint status report "advising of their position on this [injunction]

---

matters of which the court may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). Plaintiff attached its FOIA request to its Complaint and it is otherwise incorporated therein. *See* ECF No. 1-2.

Order, consistent with any remaining Rule 6(e) challenges or other claims or rights concerning Volume II, as permitted by law." *Id.*

On February 11, 2025, the Eleventh Circuit Court of Appeals granted the Department's "Unopposed Motion to Dismiss Appeal" and dismissed the appeal. Order, Feb. 11, 2025, *USA v. Donald Trump*, No. 24-12311 (11th Cir. Feb. 11, 2025)). On February 14, 2025, American Oversight moved on an expedited basis to intervene in the criminal action in Southern District of Florida and further moved for clarification or, alternatively, dissolution of Judge Cannon's injunction. *United States v. Nauta*, Crim. A. No. 23-80101 (S.D. Fl.) (ECF No. 717). Judge Cannon did not rule on the merits of the intervention or dissolution requests but confirmed her injunction order "remains in effect per the clear terms of [the January 21, 2025] Order" and denied expedited treatment. Paperless Ord., Feb. 18, 2025 (ECF No. 718). To date, Judge Cannon has not lifted the injunction.

### III. <u>Declaration of Vanessa R. Brinkmann</u>

Should the Court deny the motion to dismiss and convert the motion to one for summary judgment, *see* Fed. R. Civ. P. 12(d), the Court should consider the declaration of Vanessa R. Brinkman, Senior Counsel in the Department's Office of Information Policy ("OIP"). Brinkmann Decl. (Ex. 1), dated Feb. 14, 2025.

Ms. Brinkmann declares that on January 8, 2025, Plaintiff submitted a FOIA request to OIP using OIP's FOIAStar processing system. *Id.* ¶ 5. Plaintiff's FOIA request sought "[a] copy of Jack Smith's two-volume report of his investigations into resident Trump's handling of classified documents and potential election interference." *Id.* Plaintiff's request also sought a fee waiver and expedited processing. *Id.* Plaintiff's FOIA request was assigned OIP tracking number FOIA-2025-01746. *Id.* ¶ 7.

On February 10, 2025, Plaintiff filed suit. *Id.* ¶ 8; Compl. (ECF No. 1). On the same day, Plaintiff also filed a motion for preliminary injunction. *Id.* ¶ 8; Pl. Mot. (ECF No. 2).

By letter dated February 11, 2025, OIP issued a final response to Plaintiff's FOIA request. *Id.* ¶ 9; *id.* at Ex. C (Dep't Final Response). OIP informed Plaintiff Volume I of the Report is publicly available on the Department's website. *Id.* In addition, OIP's response letter informed Plaintiff that OIP had determined that Volume II of the Report should be withheld in full because it is protected from disclosure by a court injunction issued by the United States District Court for the Southern District of Florida, West Palm Beach Division. *Id.*

Specifically, on January 21, 2025, Judge Cannon issued an injunction enjoining "Attorney General Garland or his successor(s), the Department of Justice, its officers, agents, officials, and employees, and all persons acting in active concert or participation with such individuals . . . from (a) releasing, sharing, or transmitting Volume II of the Final Report or any drafts of Volume II outside the Department of Justice, or (b) otherwise releasing, distributing, conveying, or sharing with anyone outside the Department of Justice any information or conclusions in Volume II or in drafts thereof." *Id.* ¶ 10; *see Nauta*, 2025 WL 252641, at *6. Judge Cannon's order enjoining the Department from releasing Volume II of the Report remains in force. Brinkmann Decl. (Ex. 1) ¶ 10. Thus, OIP lacks the authority to release the requested Volume II. *Id.*

## LEGAL STANDARDS

Rule 12(b)(6) permits a defendant to test the sufficiency of a plaintiff's allegations by requesting dismissal on the grounds that the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The pleading must demonstrate that the allegations "possess enough heft"

to show a plausible entitlement to relief. *Id.* at 557. In determining whether a complaint fails to state a claim, the court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which the court may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

Under Rule 12(d), if on a motion under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In doing so, "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "The decision to convert a motion to dismiss into a motion for summary judgment . . . is committed to the sound discretion of the trial court." *Lopez Bello v. Smith*, 651 F. Supp. 3d 20, 30 (D.D.C. 2022) (quoting *Flynn v. Tiede-Zoeller, Inc.*, 412 F. Supp. 2d 46, 50 (D.D.C. 2006)). Further, "[w]hen the defendant expressly moves for summary judgment in the alternative to a motion to dismiss before discovery has been conducted, and relies upon extra-pleading material, to which the plaintiff has an opportunity to respond, the Court need not issue separate prior notice of the conversion." *Id.* (quoting *Proctor v. District of Columbia*, 74 F. Supp. 3d 436, 448 (D.D.C. 2014)).

Summary judgment is appropriate when the pleadings and evidence "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An agency is typically entitled to summary judgment in a FOIA case if it demonstrates that no material facts are in dispute, it has conducted an adequate search for responsive records, and each responsive record that it has located either has been produced to the plaintiff or is not subject to disclosure. *See Weisberg v. Dep't of Just.*, 627 F.2d 365, 368 (D.C. Cir. 1980). To meet its burden, an agency may rely on relatively detailed and non-conclusory declarations. *See Elec. Frontier Found. v. Dep't of Just.*, 739 F.3d 1, 7 (D.C. Cir. 2014).

**ARGUMENT**

Even accepting Plaintiff's allegations as true, Plaintiff has failed to state a claim for relief that is plausible on its face, and therefore, the Court should dismiss the Complaint. Plaintiff's Complaint seeks disclosure of Volume II; however, the law unequivocally bars disclosure of information under FOIA that is subject to an active injunction order prohibiting release, namely, Volume II. Thus, Plaintiff fails to plead plausible entitlement to relief because the Department has not improperly withheld any records.

Under the FOIA, courts may "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Thus, a cognizable FOIA claim requires "a showing that an agency has (1) improperly; (2) withheld; (3) agency records." *Kissinger v. Reps. Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980); *Competitive Enter. Inst. v. Off. of Sci. & Tech. Pol'y*, 827 F.3d 145, 147 (D.C. Cir. 2016).

Plaintiff's Complaint fails to show a plausible entitlement to FOIA relief because the Department has not improperly withheld anything. In *GTE Sylvania*, 445 U.S. at 386, the Supreme Court held that an agency has not "improperly" withheld documents under the FOIA when the records sought are enjoined from disclosure, regardless of whether the records fall into an enumerated FOIA exemption. The Supreme Court stated:

> The [agency] has not released the documents sought here solely because of the orders issued by the Federal District Court in Delaware. At all times since the filing of the complaint in the instant action the agency has been subject to a temporary restraining order or a preliminary or permanent injunction barring disclosure. There simply has been no discretion for the agency to exercise. The concerns underlying the Freedom of Information Act are inapplicable, for the agency has made no effort to avoid disclosure; indeed, it is not the [agency's] decision to withhold the documents at all.

*Id.* As the D.C. Circuit further explained, "[T]he Supreme Court [in *GTE Sylvania*] unanimously held that agency records are not 'improperly withheld' when a lawful injunction by a federal court prohibits agency compliance with a FOIA request." *Tax Analysts v. Dep't of Justice*, 845 F.3d 1060, 1064 n.7 (D.C. Cir. 1988). "In such cases, the [Supreme] Court said, the agency cannot be compelled through the FOIA to circumvent the normal procedural requirements for challenging a valid injunction." *Id.*

Here, the Department has not "improperly withheld" Volume II. Judge Cannon issued an injunction that bars disclosure, and thus, "it is not the [Department's] decision to withhold the documents at all." *GTE Sylvania*, 445 U.S. at 386. Indeed, this Court has already held that "[a]n agency does not improperly withhold a record when a court order bars disclosure, which is precisely what the injunction here does," *Am. Oversight*, 2025 WL 561144, at *1. "In short, Judge Cannon's order circumscribes' DOJ's 'ability to produce' Volume II, so DOJ's 'failure to release' that document cannot 'be deemed improper.'" *Id.* at *6 (quoting *Agility Pub. Warehousing Co. K.S.C. v. Nat'l Sec. Agency*, 113 F. Supp. 3d 313, 335 (D.D.C. 2015)). Therefore, Plaintiff has failed to state a plausible claim for relief.

Should the Court consider the Declaration of Ms. Brinkmann, then pursuant to Rule 12(d), the Court should treat this motion as one for summary judgment and find that there is no genuine issue of material fact. As Ms. Brinkmann stated, on January 21, 2025, Judge Cannon "issued an injunction enjoining 'Attorney General Garland or his successor(s), the Department of Justice, its officers, agents, officials, and employees, and all persons acting in active concert or participation with such individuals . . . from (a) releasing, sharing, or transmitting Volume II of the Final Report or any drafts of Volume II outside the Department of Justice, or (b) otherwise releasing, distributing, conveying, or sharing with anyone outside the Department of Justice any information

or conclusions in Volume II or in drafts thereof.'" Brinkmann Decl. (Ex. 1) ¶ 10. Judge Cannon's order enjoining the Department from releasing Volume II of the Report remains in force. *Id.* Thus, OIP lacks the authority to release the requested Volume II. *Id.* The Department is entitled to judgment as a matter of law because the Department has "no discretion" to release Volume II in light of Judge Cannon's injunction barring it from doing so. *See GTE Sylvania*, 445 U.S. at 386.

## CONCLUSION

For these reasons, the Court should dismiss Plaintiff's Complaint under Rule 12(b)(6) or, alternatively, grant summary judgment in the Department's favor under Rule 56.

Dated: March 11, 2025

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:     */s/ M. Jared Littman*
M. JARED LITTMAN
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2523

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF JUSTICE,<br><br>　　　　Defendant. | Civil Action No. 25-0383 (TJK) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment, and the entire record herein, it is hereby

ORDERED that Defendant's motion to dismiss is GRANTED, and it is further

ORDERED that Plaintiff's Complaint is Dismissed.

SO ORDERED:

_____                                            _____
Date                                                                                TIMOTHY J. KELLY
                                                                                          United States District Judge