**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN OVERSIGHT, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v.  ) | Case No. 25-cv-383 |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| *Defendant*. ) | |

**PLAINTIFF'S MOTION FOR A STAY AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

# **TABLE OF CONTENTS**

BACKGROUND ................................................................................................................................ 1

STANDARD OF REVIEW ............................................................................................................... 3

ARGUMENT ..................................................................................................................................... 4

    I.     THIS COURT SHOULD ISSUE A STAY. ........................................................... 4

        A.   DOJ Will Suffer No Harm If a Stay Issues. ............................................. 5

        B.   American Oversight Will Suffer Harm If a Stay Does Not Issue. ........................... 6

        C.   Judicial Economy Will Be Served By Issuing a Stay. ............................................. 6

CONCLUSION .................................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page**(s)

**Cases**

*Allen v. District of Columbia*
  No. 20-cv-02453 (TSC), 2024 WL 379811 at *3 (D.D.C. Feb. 1, 2024).................................... 7

*Allina Health Services v. Sebelius*,
  756 F. Supp. 2d 61, 71 (D.D.C. 2010)................................................................................... 5, 6

*Air Line Pilots Ass'n v. Miller*,
  523 U.S. 866 (1998) .................................................................................................................. 3

*Campaign for Accountability v. U.S. Dep't of Just.*,
  280 F. Supp. 3d 112 (D.D.C. 2017).......................................................................................... 3

*Campaign Legal Ctr. v. Correct the Rec.*,
  No. 23-cv-0075-JEB, 2023 WL 2838131(D.D.C. Apr. 7, 2023) ............................................... 3

*Belize Soc. Dev. Ltd. v. Gov't of Belize*,
  668 F.3d 724 (D.C. Cir. 2012).................................................................................................. 7

*Hulley Enters. Ltd. v. Russian Fed'n*,
  211 F. Supp. 3d 269 (D.D.C. 2016)...................................................................................... 3, 7

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) .................................................................................................................. 3

*New York Times Co. v. U.S. DOJ*,
  25-cv-562-GHW (S.D.N.Y. Feb. 12, 2025) .............................................................................. 5

*Payne Enters., Inc. v. United States*,
  837 F.2d 486 (D.C. Cir. 1988).................................................................................................. 3

*Wilderness Society v. Trump*,
  No. 17-cv-2587, 16-cv-2591 (TSC) 2024-WL 4880449 (D.D.C. Nov. 25, 2024)...................... 5

*U.S. v. Trump*,
  No. 23-cr-80101 (AMC) (S.D. Fla. Jan. 29, 2025)............................................................ 1, 2, 6

*U.S. v. Trump*,
  No. 24-123411 (11th Cir. Feb. 10, 2025) ................................................................................. 2

American Oversight respectfully moves the Court to stay all proceedings in this case pending resolution of Judge Cannon's order in *U.S. v. Trump*, No. 23-cr-80101 (AMC) (S.D. Fla. Jan. 29, 2025), with the parties to submit a joint status report by April 2, 2025, proposing a schedule for further proceedings, as required by the Court's March 11, 2025 minute order. A stay, reasonable in scope and well-defined in its purpose, best serves the interests of justice and judicial economy here, and is further warranted where the relief does not harm DOJ and prevents harm to American Oversight.

## BACKGROUND

On January 8, 2025, American Oversight submitted a Freedom of Information Act ("FOIA") request to DOJ seeking expedited production of the Special Counsel's report on the investigation of President Trump's potential interference with the lawful transfer of power following the 2020 election (Volume I) and allegations of mishandling of a trove of classified documents after Trump left office in 2021 (Volume II).

On January 14, 2025, the Department of Justice ("DOJ") publicly released Volume I, but declined to release Volume II pending resolution of the criminal charges against Walt Nauta, an aide to President Trump, and Carlos De Oliveira, property manager of President Trump's Mar-a-Lago estate, concerning their role in Trump's alleged mishandling of classified documents.

After DOJ failed to timely issue a determination regarding American Oversight's FOIA request and respond to its request for expedited processing, American Oversight filed the instant action, on February 10, 2025, and moved for a preliminary injunction, seeking a determination on its FOIA request and expedited processing request and the release of all non-exempt portions of Volume II. One day after American Oversight filed its Complaint and Motion for Preliminary Injunction, DOJ notified American Oversight that it "lacks authority to consider the releasability of [Volume II] under the FOIA," because it is "protected from disclosure by a court injunction

1

issued by the U.S. District Court for the Southern District of Florida, West Palm Beach Division." Brinkmann Decl. (Resp. Ex. 1) ¶ 9; Resp. Ex. C. In that case, Judge Cannon, on January 21, 2025, barred DOJ from releasing Volume II because of the court's "affirmative duty, triggered at the inception of a criminal proceeding, to safeguard the due process rights of the accused." Order at 8, *U.S. v. Trump*, No. 23-cr-80101 (AMC) (S.D. Fla. Jan. 21, 2025). Judge Cannon ordered the parties to, no later than 30 days after resolution of any appellate proceedings, advise of their positions on the continued force of the injunction. *Id.* at 13-14.

On February 10, 2025, the Eleventh Circuit granted DOJ's motion to dismiss its appeal of Judge Cannon's order dismissing the criminal indictments against the remaining defendants in *U.S. v. Trump*, triggering that 30-day deadline. No. 24-12311 (11th Cir.), App. Doc. No. 113-2. On February 14, 2025, American Oversight filed an expedited motion to intervene in *U.S. v. Trump*, and for clarification of the status of Judge Cannon's order blocking release of Volume II. *U.S. v. Trump*, ECF No. 717. Judge Cannon reserved ruling on the motion to intervene to allow the parties to brief that issue. *U.S. v. Trump*, ECF No. 718 (Feb. 18, 2025).

On February 20, 2025, this Court denied American Oversight's Motion for Preliminary Injunction, noting that "DOJ remains subject to Judge Cannon's injunction 'barring disclosure' of Volume II." Mem. Op., at 12, ECF No. 11.

On February 28, Judge Cannon extended the deadline for the parties to state their positions on her injunction to March 14, 2025, after another third party moved to intervene to seek release of Volume II. *U.S. v. Trump*, ECF No. 726. Briefing in that case is currently set to conclude by March 24.[1] *See id*.

---

[1] Judge Cannon granted the United States' unopposed motion to extend their response deadline from March 21 to March 24. *U.S. v. Trump*, ECF No. 735.

2

Case 1:25-cv-00383-TJK   Document 13   Filed 03/11/25   Page 6 of 10

On March 11, 2025, this Court ordered the parties to "submit a joint status report by April 2, 2025 proposing a schedule for further proceedings, if any, in this case." March 11, 2025 Minute Order. Subsequently, Defendant filed a "Motion to Dismiss, or, alternatively, for Summary Judgment" and supporting memorandum. ECF 12.

Pursuant to Local Rule 7(m) and this Court's Standing Order, counsel have conferred regarding this motion for stay. Defendant opposes the motion.

## STANDARD OF REVIEW

"The authority to stay a case stems from 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Campaign for Accountability v. U.S. Dep't of Justice*, 280 F. Supp. 3d 112, 114 (D.D.C. 2017) (citing *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6, (1998)). FOIA "imposes no limits on courts' equitable powers in enforcing its terms." *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988).

In deciding whether to grant a stay, courts must "weigh competing interests and maintain an even balance between benefit and hardship." *Hulley Enters. Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936)) (cleaned up). To determine this balance of hardships, courts consider:

> (1) harm to the nonmoving party if a stay does issue; (2) the moving party's need for a stay – that is, the harm to the moving party if a stay does not issue; and (3) whether a stay would promote efficient use of the court's resources.

*Campaign Legal Ctr. v. Correct the Rec.*, No. 23-cv-0075-JEB, 2023 WL 2838131, at *2 (D.D.C. Apr. 7, 2023) (internal citations omitted). Stays may be appropriate where a separate proceeding bears upon the pending case, *see Air Line Pilots Ass'n*, 523 U.S. at 879, or if resolution of the litigation may "'narrow the issues in the pending cases and assist in the determination of the questions of law involved,'" *Hulley*, 211. F. Supp. at 276 (quoting *Landis*, 299 U.S. at 253). A stay

3

must be "framed in its inception that its force will be spent within reasonable limits." *Landis*, 299 U.S at 257.

## ARGUMENT

A stay is appropriate here, where the result in *U.S. v. Trump*—expected in a matter of weeks—will bear heavily on this case, and the scope and purpose of the requested stay are reasonable and well-defined. First, the balance of interests and judicial economy favor a stay. Issuance of a stay will not harm Defendant, as a stay will toll proceedings Defendant initiated today with its motion to dismiss / for summary judgment while the status of Judge Cannon's injunction is adjudicated. Second, without a stay, because of the unusual nature of DOJ's rationale for its motion—a time-limited injunction preventing disclosure of the requested records—American Oversight will suffer hardship in several ways: resources spent briefing issues that are likely to materially change based on the evolving status of Judge Cannon's injunction, amending its complaint as soon as Judge Cannon's order is lifted, or filing a new complaint if its complaint is dismissed—all of which further delay American Oversight's FOIA rights of access to the requested records. Third, judicial economy and fairness to the parties is best served by issuance of a stay because additional briefing may be required depending on the result of the proceeding in Judge Cannon's court, and resolution of the status of Judge Cannon's order enjoining release of Volume II is necessary for this Court to reach a just determination concerning American Oversight's claims.

### I.   THIS COURT SHOULD ISSUE A STAY.

Here, the balance of the hardships and judicial economy favor granting a stay pending resolution of Judge Cannon's order. Staying all further proceedings pending the parties' existing obligation under the Court's March 11 minute order to submit a joint status report by April 2, 2025, accomplishes both those ends because Judge Cannon may dissolve her injunction. Should Judge

Cannon choose not to dissolve her order by that date, this Court may subsequently decide whether to lift or extend the stay pending outcome of an appeal of such a decision. Therefore, the stay is

### A. DOJ Will Suffer No Harm If a Stay Issues.

DOJ will suffer no harm, and in fact, should benefit from a stay in this case. American Oversight requests a limited stay for a specific purpose: to allow resolution of the status of the injunction in Judge Cannon's court, which bears directly on the FOIA request at issue here. In addition, a stay here would merely toll the deadline by which American Oversight must respond to the motion DOJ filed today for a few weeks. And depending on the status of Judge Cannon's injunction by April 2, further briefing on that motion may not be necessary. As such, DOJ will suffer no harm. *See Wilderness Society v. Trump*, No. 17-cv-2587, 17-cv-2591 (TSC) 2024 WL 4880449 at *3 (D.D.C. Nov. 25, 2024)(finding that "[r]equiring the parties to brief, and the court to resolve, a motion to dismiss . . . is a potential waste of resources when the outcome in the Tenth Circuit may drastically change the issues").

Notably, in a case related to the same records that American Oversight seeks, DOJ consented to a stay pending resolution of a FOIA administrative appeal concerning DOJ's withholding of Volume II pursuant to Judge Cannon's injunction. *See* Letter Motion, *New York Times Co. v. U.S. DOJ*, 25-cv-562-GHW (S.D.N.Y. Feb. 12, 2025) (ECF No. 11). In that regard, issuing a stay here also prevents inconsistent outcomes under the same set of material facts. Moreover, DOJ can protect its interests even if a stay issues in this case, as it is a party in the proceedings in the Southern District of Florida. *See Allina Health Services v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010) (granting a stay where the parties agreed that a forthcoming D.C. Circuit opinion would resolve plaintiff's claims, and the government was a party to both suits).

In sum, issuance of a stay will not harm DOJ.

### B. American Oversight Will Suffer Harm If a Stay Does Not Issue.

American Oversight, a "nonpartisan, non-profit" organization "committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials," Comp. ¶ 5, ECF No. 1, will suffer harm in several ways if a stay does not issue. First, it will expend resources to respond to DOJ's motion, which relies entirely on continuation of Judge Cannon's injunction; however, that injunction is not permanent and may be lifted within days of American Oversight's deadline to oppose the government's motion. Absent a stay, American Oversight's resources will be wasted briefing an issue that may be no longer relevant. Second, if a stay is not granted and Judge Cannon's injunction is dissolved before a final outcome in this case, American Oversight will have to seek leave to amend its complaint (given the new material facts), or, if its claims have been dismissed, file a new complaint and start from square one to enforce its rights under FOIA to information it requested on an expedited basis on January 8, 2025. In sum, American Oversight will be harmed if a stay is not granted.

### C. Judicial Economy Will Be Served By Issuing a Stay.

Finally, issuance of the stay would promote judicial economy. In *Allina Health Services v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010), a court in this District granted the government's motion to stay where oral argument was scheduled in an independent proceeding bearing on the case and the court "ancitipate[d] a decision not long thereafter." *Id.* Similarly, here, DOJ and the defendants in the Southern District of Florida must state their position on Judge Cannon's injunction by March 14, 2025, *United States v. Trump*, No. 23-cr-80101 (AMC), ECF No. 726 (S.D. Fla. Feb. 28, 2025), and DOJ must respond to American Oversight's motion to intervene by March 21. *See id.*, ECF No. 735. Thus, some resolution of the status of Judge Cannon's injunction will be forthcoming by the deadline this Court has already ordered for a

joint status report. The stay American Oversight seeks, combined with the joint status report already ordered, is properly narrow in scope and purpose. *See Hulley*, 211 F. Supp. at 277 ("A stay pending resolution of other proceedings may be deemed indefinite where it 'includes no provision for status updates or further review.'") (quoting *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012)). In sum, because resolution of the status of Judge Cannon's time-limited injunction will "narrow the issues [this Court] must decide in this case and assist it in 'determin[ing] the questions of law involved,'" *Allen v. District of Columbia*, No. 20-cv-02453 (TSC), 2024 WL 379811 at *3 (D.D.C. Feb. 1, 2024) (quoting *Hulley*, 211 F. Supp. 3d at 276), judicial economy is best served by issuance of a stay at least through April 2, 2025.

## CONCLUSION

For the foregoing reasons, Plaintiff American Oversight respectfully requests that this Court stay these proceedings through April 2, 2025, and determine at that time, upon consideration of the parties' joint status report, whether to extend the stay.

Dated: March 11, 2025

Respectfully submitted,

*/s/ Elizabeth Haddix*
Elizabeth Haddix
D.C. Bar No. 90019750
Daniel Martinez
D.C. Bar No. 90025922
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
Elizabeth.haddix@americanoversight.org

*Counsel for Plaintiff*