UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF JUSTICE,<br><br>　　　　Defendant. | Civil Action No. 25-0383 (TJK) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY**

Defendant Department of Justice (the "Department") respectfully opposes Plaintiff's Motion to Stay (ECF No. 13) for the following reasons.

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936)). If there is even a "fair possibility" that the stay will adversely affect another party, the party requesting the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

A stay will adversely affect the Department, and Plaintiff falls far short of "mak[ing] out a clear case of hardship or inequity in being required to go forward." *Id.* The Department would be adversely affected by a stay because, given the large number of pending FOIA cases in litigation—a backlog that continues to grow exponentially—the Department (and the Court) benefit from resolution of matters as quickly as possible. Plaintiff, on the other hand, seeks a stay of the case,

including the Department's motion to dismiss (ECF No.12), with no designated end date and asks the Department and the Court to wait on Judge Aileen Cannon's injunction ruling that might not happen for many months, and even when she ultimately rules, the parties may remain in the same place as they are today—with an active injunction that bars disclosure of Volume II.

According to Plaintiff, Judge Cannon's ruling is "expected in a matter of weeks." Pl. Mot. (ECF No. 13) at 4. This is baseless speculation. In Judge Cannon's injunction decision, she ordered the parties, no later than thirty days after the conclusion of the appellate proceedings, to "submit a joint status report advising of their position on this [injunction] Order, consistent with any remaining Rule 6(e) challenges or other claims or rights concerning Volume II, as permitted by law." *United States v. Nauta*, --- F. Supp. 3d ---, 2025 WL 252641, at *6 (S.D. Fl. Jan. 21, 2025). On February 11, 2025, the Eleventh Circuit granted the Department's "Unopposed Motion to Dismiss Appeal" and dismissed the appeal. Order, Feb. 11, 2025, *USA v. Donald Trump*, No. 24-12311 (11th Cir. Feb. 11, 2025)).

Since that time, on February 14, 2025, American Oversight moved on an expedited basis to intervene in the criminal action in Southern District of Florida and further moved for clarification or, alternatively, dissolution of Judge Cannon's injunction. *United States v. Nauta*, Crim. A. No. 23-80101 (S.D. Fl.) (ECF No. 717). Judge Cannon did not rule "on the merits of the intervention or dissolution requests," but instead confirmed her injunction order "remains in effect per the clear terms of [the January 21, 2025] Order" and, importantly, denied expedited treatment. Paperless Ord., Feb. 18, 2025 (ECF No. 718). Thereafter, on February 24, 2025, a second party, the Knight First Amendment Institute at Columbia University ("Knight Institute"), moved to intervene to seek rescission of the injunction and public release of Volume II. ECF No. 721. Following a series of extensions, Defendants Nauta and De Oliveira's combined response to the

motions of American Oversight and Knight Institute were due on or before March 14, 2025; the joint status report deadline was extended to March 14, 2025; and the United States' response to the motions of American Oversight and Knight Institute are due on or before March 24, 2025. ECF No. 726 (Order, Feb. 28, 2025); ECF No. 735 (Paperless Order, Mar. 11, 2025). On March 14, 2025, the United States and Defendants Nauta and De Oliveira filed their joint status report. ECF No. 738. Also on March 14, 2025, Defendants Nauta and De Oliveira filed their opposition to the motions of American Oversight and Knight Institute. ECF No. 739.

Thus, even absent further extensions, submissions may not be completed until March 31, 2025, the presumptive deadline for reply memoranda. *See* S.D. Fl. Loc. R. 7.1(c)(1). Thereafter, Judge Cannon may or may not decide to have a hearing. *Id.* at 7.1(b). And then, Judge Cannon will, at some uncertain date in the future, issue her decision on a case that she has already decided does not meet the criteria for expedited or emergency treatment and which involves a complicated issue of significant import. In other words, resolution may not come until many months down the line, not "in a matter of weeks" as Plaintiff speculates.

*Wilderness Society v. Trump*, Civ. A. Nos. 17-2587 (TSC), 17-2591 (TSC), 2024 WL 4880449 (D.D.C. Nov. 25, 2024), a case on which Plaintiff relies, highlights the potential problems with a stay. *Wilderness Society* has been stayed since March 2021! *Id.* at *1. And, although the Court extended the stay again in light of a pending Tenth Circuit appeal, the appeal had already been argued and submitted at the time the Court extended the stay. *Id.* at *3. The Court noted that the "appeal may be resolved shortly," but now, almost six months from oral argument and four months since the stay extension, the Tenth Circuit appeal is still pending. *Id.*; *see Garfield County, Utah v. Biden*, No. 23-4106 (10th Cir.). Likewise, in *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010), another case on which Plaintiff relies, oral argument before the D.C.

Circuit, the resolution of which "will be dispositive" of the arguments before the district court, was to take place in about six weeks from the time of the stay decision and the district court "anticipate[d] a decision not long thereafter." Here, briefing has not even been completed, nor hearing has been scheduled, and there are no indications that a decision will be rendered soon.

The stay in *N.Y Times Co. v. Dep't of Justice*, Civ. A. No. 25-562 (GHW) (S.D.N.Y.), is inapposite. Pl. Mot. (ECF No. 14) at 5. In that case, the court granted a stay because plaintiff did not exhaust its administrative remedies, not because of the Southern District of Florida injunction litigation, and plaintiff sought a stay of the proceedings pending resolution of the administrative appeal. Exhaustion is not at issue here and given the Department's consistent response to Volume II FOIA requests, the danger of "inconsistent outcomes" is without foundation.

Importantly, Plaintiff's conundrum was entirely self-created. Plaintiff decided to rush to the Court to sue the Department while an active injunction clearly barred disclosure of Volume II. Plaintiff could have waited for a decision from Judge Cannon on the injunction, instead of asking the Court to disregard her injunction and order disclosure—relief that was clearly beyond this Court's authority pursuant to well-established Supreme Court precedent. *See GTE Sylvania, Inc., v. Consumers Union*, 445 U.S. 375, 386 (1980) (finding "no discretion for the agency to exercise" where records sought under the FOIA are subject to injunction issued by federal district court); *Am. Oversight v. Dep't of Just.*. Civ. A. No. 25-383 (TJK), 2025 WL 561144, at *1 (D.D.C. Feb. 20, 2025) ("An agency does not improperly withhold a record when a court order bars disclosure, which is precisely what the injunction here does."). The Court and the Department do not have to sit on the sideline to see how everything plays out in Southern District of Florida, with no end in sight, while the FOIA dockets are overflowing with new lawsuits.

The Department respectfully proposes that the better path would be for the Court to deny Plaintiff's stay motion and, after briefing on the Department's motion to dismiss is completed, rule on that motion in due course and in accordance with the status of Judge Cannon's injunction at that time. If the injunction is active, the Court should grant the Department's motion to dismiss. *See* ECF No. 12. If the injunction is lifted before the Court issues its decision on the Department's motion to dismiss, the Department respectfully proposes that the parties promptly notify the Court and propose a schedule for further proceedings. Further delay in resolving this case, however, is not warranted.

Dated: March 19, 2025
Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:      /s/ M. Jared Littman
M. JARED LITTMAN
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2523

*Attorneys for the United States of America*