UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF JUSTICE,<br><br>　　　　　Defendant. | Civil Action No. 25-0383 (TJK) |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Defendant Department of Justice (the "Department") respectfully submits this reply in further support of its motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) or, alternatively, for summary judgment under Rule 56 (ECF No. 12, "Def. Mot.").

The Department explained in its motion that Plaintiff's expedited processing claim (Count I) should be dismissed because it is moot, *id.* at 1, and the production claims (Counts II and III) should be dismissed because Plaintiff failed to state a claim upon which relief may be granted. Specifically, the Department showed that it did not improperly withhold a record because there is "no discretion for the [Department] to exercise" as the record sought, Volume II of former Special Counsel Smith's report, is protected from disclosure by a court injunction issued by the United States District Court for the Southern District of Florida, West Palm Beach Division (the "injunction"). *Id.* at 1-2, 7-9 (quoting *GTE Sylvania, Inc., v. Consumers Union*, 445 U.S. 375, 386 (1980)); *see United States v. Nauta*, --- F. Supp. 3d ---, 2025 WL 252641, at *6 (S.D. Fl. Jan. 21, 2025) (issuing the injunction); *United States v. Nauta*, Crim. A. No. 23-80101 (S.D. Fl.) (ECF No.

718) (Paperless Order of February 28, 2025, ruling that the injunction order "remains in effect per the clear terms of [the January 21, 2025] Order").

In response, Plaintiff does not contest that the expedited processing claim (Count I) is moot, and, therefore, the Court may treat that claim "as conceded." *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002). As to the production claims (Counts II and III), Plaintiff makes three meritless arguments that the Court should disregard. Pl. Opp'n (ECF No. 17) at 7-13.

First, Plaintiff argues that "genuine issues of material fact remain as to whether Defendant is withholding any portions of Volume II pursuant to any of the nine exclusive FOIA exemptions." *Id.* at 7. Plaintiff contends that the FOIA imposes a burden on the Department to determine if FOIA exemptions apply and to notify Plaintiff of the same *Id.* at 8. However, under these circumstances, not so.

Under the FOIA, an agency may withhold information if it is protected by an exemption or "disclosure is prohibited by law," 5.U.S.C. § 552(a)(8)(A)(i), for instance, in this case where a court-ordered injunction prohibits disclosure. As the Court previously discussed, "[T]he caselaw seems to require the agency to determine only 'the scope of the documents it intends to produce and withhold, and the *reasons*'—not necessarily the *exemptions*—'for withholding any documents.'" *Am. Oversight v. Dep't of Justice*, Civ. A. No. 25-383 (TJK), 2025 WL 561144, at *4 n.2 (D.D.C. Feb. 20, 2025) (quoting *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013) (Kavanaugh, J.) (emphasis added by the Court). As the Court explained, "Here, [the Department] identified the documents it intended to produce—none—and 'explain[ed] the reasons for its withholding . . . decision[]'"— Judge Cannon's order barring disclosure of Volume II." *Id.* (quoting *Khine v. Dep't of Homeland Sec.*, 943 F.3d 959, 967 (D.C.

Cir. 2019)). Plaintiff has not cited a single case where an agency was compelled to notify a requester of potentially applicable exemptions when disclosure was prohibited by law, and, indeed, ultimately concedes that *GTE Sylvania* is an "exception" to the exemption rule. Pl. Opp'n (ECF No. 17) at 10-11. When an injunction prohibits disclosure, "[t]he concerns underlying the [FOIA] are inapplicable" because "there simply has been no discretion for the agency to exercise." *GTE Sylvania*, 445 U.S. at 386.[1]

Second, Plaintiff contends that the Court should not let the Department take what it (mis)construes as "inconsistent positions" before this Court and the court in the Southern District of Florida. *Id.* at 7, 10. This is baffling. For one, it would not be inconsistent for the Department to argue before Judge Cannon that the injunction should remain in place and before this Court that the injunction prohibits release. But more fundamentally, Plaintiff misstates the Department's arguments. The Department has instead stated that it "does not object" to Judge Cannon keeping the injunction in place, *Nauta*, Crim. A. No. 23-80101 (S.D. Fl.), Joint Status Report, Mar. 24, 2025 (ECF No. 738) at 1, and that if the court "is inclined to lift" the injunction, Judge Cannon should not affirmatively "order" Volume II's release, but instead leave the decision of whether and how to release Volume II to the Attorney General, *Nauta*, Crim. A. No. 23-80101 (S.D. Fl.), Resp. to Mots. to Intervene (ECF No. 740) at 1, 13-14.

Third, Plaintiff argues that Judge Cannon does not have jurisdiction to maintain the injunction, having "breached the constitutional limits on [her] authority,", *id.* at 7, 10, and, thus, "[t]his Court need not take direction from the Southern District of Florida," *id.* at 12. According to Plaintiff, there is no remaining case or controversy following dismissal of the Eleventh Circuit

---

[1] If the injunction is lifted, the Department reserves the right to invoke the applicable FOIA exemptions and any other available defenses to disclosure.

appeal of the criminal case, *id.*, and, therefore, Plaintiff's "FOIA claims should be allowed to proceed." *Id.* at 12-13.

Plaintiff is barking up the wrong tree. As the Court previously noted, Plaintiff "cites no case in which an agency was found to improperly withhold records because one district judge disagreed—for any reason—with another judge's decision to prohibit their disclosure." *Am. Oversight*, 2025 WL 561144, at *7. "As the Supreme Court has explained, 'the established doctrine' is 'that persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, *even if they have proper grounds to object to the order*." *Id.* (quoting *GTE Sylvania*, 445 U.S. at 386) (emphasis added by the Court). "American Oversight might 'disagree[] over whether' Judge Cannon 'erred in issuing the' injunction—or, in this case, maintaining it pending further briefing," but pursuit of a FOIA case in this district "is not the proper way to challenge Judge Cannon's order." *Id.* (quoting *GTE Sylvania*, 445 U.S. at 386-87). As the Court explained, "American Oversight may, as it has started to, argue before Judge Cannon (and possibly the Eleventh Circuit) that the order is invalid or should be dissolved. But [the Department] is 'required to obey' that order while it remains operative 'out of respect for judicial process,' so the agency does not violate FOIA by doing just that." *Id.* (quoting *GTE Sylvania*, 445 U.S. at 387).

For the reasons discussed above and in the Department's opening brief, the Court should dismiss Plaintiff's Complaint under Rule 12(b)(6) or, alternatively, grant summary judgment in the Department's favor under Rule 56.

- 5 -

Dated: April 2, 2025	Respectfully submitted

        EDWARD R. MARTIN, JR., D.C. Bar #481866
        United States Attorney

By:       */s/ M. Jared Littman*
     M. JARED LITTMAN
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-2523

*Attorneys for the United States of America*